An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-78

Filed 1 July 2026

Buncombe County, No. 22CVS004510-100

JEANNE ADAMS, as Executor of the Estate of John Pickering, Plaintiff,

v.

JAMES BALEY, as Executor of the Estate of Benn Edney Fass, Jr. and as Trustee of the Revocable Living Trust Agreement executed by Benn Edney Fass, Jr. on 27 March 2001, COMMUNITY FOUNDATION OF WESTERN NORTH CAROLINA, INC., CHATHAM HALL, CORNELL UNIVERSITY, a/k/a CORNELL UNIVERSITY SCHOOL OF HOTEL ADMINISTRATION, R. HUBERT EDNEY, III, and DEBRA EDNEY JAMES, Defendants.

Appeal by Defendant Debra Edney James from order entered 24 September 2025 by Judge Marvin P. Pope in Buncombe County Superior Court. Heard in the Court of Appeals 3 June 2026.

> *Searson, Jones, Gottschalk & Cash, PLLC, by W. Scott Jones, for Plaintiff-Appellee Jeanne Adams, as Executor of the Estate of John Pickering.*

> *The Van Winkle Law Firm, by Heather Whitaker Goldstein, for Defendant-Appellee James Baley, as Executor of the Estate of Benn Edney Fass, Jr. and as Trustee of the Revocable Living Trust Agreement executed by Benn Edney Fass, Jr. on 27 March 2001.*

> *Debra Edney James, Defendant-Appellant, Pro se.*

COLLINS, Judge.

Debra Edney James ("Defendant") appeals from the trial court's order granting Jeanne Adams, as Executor of the Estate of John Pickering, summary judgment. For the reasons stated herein, we affirm in part and dismiss in part.

## I. Background

Benn Edney Fass, Jr. ("Decedent") executed the Benn Edney Fass, Jr. Revocable Living Trust Agreement on 27 March 2001 ("Trust"). Decedent served as trustee from the Trust's creation until her death on 25 February 2021. The Trust provided for specific distributions and contemplated the later creation and funding of three charitable remainder unitrusts for lifetime beneficiaries, including Defendant, and three charitable beneficiaries designated to receive the remainder interests. None of the charitable remainder unitrusts had been funded at the time of Decedent's death.

Decedent drafted a handwritten document four days before her death directing that all Trust assets be distributed to her longtime partner, John Pickering. Mr. Pickering filed a complaint against the lifetime beneficiaries and charitable beneficiaries on 5 December 2022 seeking a declaratory judgment that the handwritten letter was a holographic amendment of the Trust or, in the alternative, that the handwritten letter constituted a holographic will. Mr. Pickering died on 27 March 2024. The trial court entered an order on 15 April 2025, substituting as Plaintiff Jeanne Adams, as Executor of the Estate of John Pickering ("Plaintiff").

During discovery, Plaintiff noticed Defendant's deposition for 2 July 2025 in Ireland, where she resides. After Defendant failed to appear, Plaintiff moved to compel her deposition. The trial court entered an order to compel Defendant to appear for a deposition in Ireland between 16 June and 15 July 2025. Defendant did not comply with the order to compel, and Plaintiff moved for sanctions pursuant to Rule 37 on 13 August 2025. Plaintiff included as exhibits to the motion Defendant's federal filings on issues related to this case—including a complaint filed in the Western District of North Carolina and a petition for a writ of mandamus filed in the United States Court of Appeals for the Fourth Circuit—which the trial court considered solely for purposes of determining willfulness. The trial court entered an order for sanctions on 11 September 2025, striking Defendant's pleadings and awarding Plaintiff $21,976.36 in attorney's fees and costs.

That same day, Plaintiff moved for summary judgment, seeking a ruling that the handwritten document executed by Decedent before her death was a holographic amendment of the Trust. The trial court granted Plaintiff summary judgment, finding that the Trust, as amended, directed distribution of all trust assets to the Estate of John Pickering. Defendant appealed.

## II. Discussion

### A. Motion to Dismiss Appeal

Plaintiff and James Baley, as Executor of the Estate of Benn Edney Fass, Jr. and as Trustee of the Revocable Living Trust Agreement executed by Benn Edney

Fass, Jr. on 27 March 2001 (collectively, "Appellees") move to dismiss this appeal because Defendant included materials in the record to which Appellees had objected and subsequently represented that the record was settled by stipulation.

Our Supreme Court has identified three categories of appellate rule violations: "(1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194 (2008). While "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal[,]" it may if those violations are "substantial" or "gross." *Id.* at 198-99. The Rules of Appellate Procedure also authorize appellate courts to impose sanctions, including dismissal, when a party has "substantially failed to comply" with the rules. N.C. R. App. P. 25(b), 34(b).

Here, although Defendant included materials in the record to which Appellees had objected and inaccurately represented that the record was settled by stipulation, in violation of our appellate rules, these violations do not amount to substantial noncompliance warranting dismissal in this case. We therefore deny the motion to dismiss and address the appeal on the merits.

## B. Motion for Summary Judgment

Defendant argues that the trial court erred by granting Plaintiff summary judgment because Decedent's handwritten document was not a valid amendment under N.C. Gen. Stat. § 36C-4B-6(j). Defendant's argument is misplaced.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2025). "In ruling on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." *Keller v. Deerfield Episcopal Ret. Cmty., Inc.*, 271 N.C. App. 618, 622 (2020) (quotation marks and citation omitted).

"The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact." *Badin Shores Resort Owners Ass'n v. Handy Sanitary Dist.*, 257 N.C. App. 542, 549 (2018). "This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent; (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim; or (3) that an affirmative defense would bar the claim." *CIM Ins. Corp. v. Cascade Auto Glass, Inc.*, 190 N.C. App. 808, 811 (2008) (citation omitted).

We review a trial court's order granting summary judgment de novo. *Forbis v. Neal*, 361 N.C. 519, 524 (2007).

N.C. Gen. Stat. § 36C-4B-6(j) provides, in relevant part:

> If the governing instrument of the trust provides that the settlor of the trust shall retain the power, exercisable only by will, to revoke or terminate the interest of any recipient other than an organization described in section 170(c) of the Internal Revenue Code, then the trustee must pay the

> unitrust amount to the settlor during the settlor's life and, upon the death of the settlor, shall pay the unitrust amount to the noncharitable beneficiary during the charitable beneficiary's life, provided the noncharitable beneficiary survives the settlor. The settlor shall have the power, exercisable only by will, to revoke and terminate the interest of the noncharitable beneficiary under the trust. . . .

N.C. Gen. Stat. § 36C-4B-6(j) (2025). This statute governs a narrow category of charitable remainder unitrusts in which the settlor retains a testamentary power to revoke a noncharitable beneficiary's interest, and it applies only when such a unitrust has actually been created and funded, and the trustee is paying the mandatory unitrust amount required by the trust and federal tax law. *See id*; *see also* N.C. Gen. Stat. § 36C-4B-3(3) (2025) (defining a "charitable remainder unitrust" as a charitable remainder trust "[f]rom which a fixed percentage (that is not less than five percent (5%)) of the net fair market value of its assets, valued annually, is to be paid at least annually to one or more persons"). It does not address how a settlor amends or revokes a revocable trust generally.

Here, the Trust contemplated the later creation of charitable remainder unitrusts upon Decedent's death, but none were ever created or funded. Because no charitable remainder unitrust existed, and because the handwritten document was not an exercise of a testamentary power to revoke a noncharitable beneficiary's interest in such a unitrust, N.C. Gen. Stat. § 36C-4B-6(j) does not apply.

Amendment or revocation of revocable trusts generally is governed by N.C.

Gen. Stat. § 36C-6-602, which provides that, "[u]nless the terms of a trust expressly provide that the trust is irrevocable, the settlor may revoke or amend the trust without regard to the actual capacity of the settlor." N.C. Gen. Stat. § 36C-6-602(a) (2025). A settlor may amend or revoke a revocable trust by any written method delivered to the trustee that manifests clear and convincing evidence of the settlor's intent. *Id.* § 36C-6-602(c) (2025).

Here, the Trust expressly provides: "Grantor reserves the right to withdraw from the operation of this Trust Agreement any of the properties held in trust; to change the beneficiaries, their shares and the plan of distribution; and to modify, amend, or revoke this Trust Agreement." Four days before her death, Decedent drafted and signed a handwritten document directing that all Trust assets be distributed to John Pickering. This writing clearly manifested Decedent's intent to amend the Trust and therefore constituted a valid holographic amendment under N.C. Gen. Stat. § 36C-6-602.

Accordingly, the trial court did not err by granting Plaintiff summary judgment.

## C. Order to Compel, Service, and Sanctions

Defendant also argues that the trial court lacked authority to compel her deposition in Ireland, that service was improper, and that the court erred in imposing sanctions and striking her pleadings. "As a general rule, the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the

ones from which the appeal is being taken." *Chee v. Estes*, 117 N.C. App. 450, 452 (1994) (citations omitted). Because Defendant appealed only the summary judgment order, we lack jurisdiction to consider these additional arguments. Accordingly, we dismiss these portions of Defendant's appeal.

### III. Conclusion

The trial court did not err by granting Plaintiff summary judgment, and we therefore affirm the trial court's order. As Defendant's remaining arguments are not properly before us on appeal, we dismiss in part.

AFFIRMED IN PART; DISMISSED IN PART.

Judges STROUD and ARROWOOD concur.

Report per Rule 30(e).